## The Ipswich Manufacturing Company vs. Jonathan Story, Executor.

One who had mortgaged land, to secure a debt due on bond, was appointed administrator of the estate of the mortgagee, and returned an inventory of his intestate's property, including therein the debt due from himself on the bond: He afterwards settled his first administration account, in which he charged himself with the amount of the personal estate returned in the inventory; and his second account, in which he charged himself with the balance of the first: Thereupon the probate court passed a decree, ordering him to distribute the balance of the account, remaining in his hands, among the heirs of the intestate.

*Held*, that by these proceedings, the debt due on the bond was paid; and that a subsequent assignment of the bond and mortgage, by the administrator, transferred to the assignee no interest in the land.

THIS was a writ of review, brought by the Ipswich Manufacturing Company, to reverse a judgment recovered against them by Jonathan Story, executor of the will of Elizabeth Cogswell, at the November term 1839. That judgment was rendered on a special writ of entry, commenced by said Elizabeth, in her life time, and prosecuted by her executor, after her decease ; in which writ she demanded possession of certain parcels of real estate in Ipswich, by virtue of two distinct mortgages ; on one of which she claimed as assignee thereof, and on the other, as original mortgagee. Plea, the general issue.

The trial, on the review, was before the chief justice, and a verdict was taken for the original demandant, the defendant in review, subject to be amended, or to be entered for the original

tenants, according to the opinion of the whole court on the judge's report of the evidence.

After the trial, it became unnecessary, by reason of other proceedings of the plaintiffs in review, for the court to give any opinion, in this case, as to the original demandant's right to recover judgment on the mortgage on which she claimed as original mortgagee.     The facts, therefore, respecting that mortgage, are not noticed in the opinion of the court.

This case was argued at the last November term.

*Fletcher & Perkins*, for the defendant in review.

*Choate & Homer*, for the plaintiffs in review.

SHAW, C. J.    The original action, of which this is a review, was a special writ of entry, prosecuted by the original demandant, as executor of the last will of Elizabeth Cogswell deceased, in his representative capacity, to foreclose a mortgage, upon which it is alleged money was due to his testatrix.    Such action, when the facts are sufficient to maintain it, is given by the Rev. Sts. *c.* 65, § 11, which make a mortgage of real estate, not foreclosed by the mortgagee, or his assignee, in his life time, together with the debt due thereon, assets in the hands of his executor or administrator.    But, as the right to bring a real action by the personal representative of the person last seized, is given by statute only, contrary to the general rule of law which vests real estate in the heir or devisee, the action will lie only in a case within the statute ; that is, in a case where there is a subsisting mortgage, upon which money is due, and not foreclosed at the time of the decease of the mortgagee.

Several grounds of defence were taken ; but the principal one, and the only one which it is now necessary to consider, is, that the original debt had been paid, and that nothing was due on the mortgage, when this action was brought.

The facts are briefly these :   In December 1801, Joseph Farley, then seized of the demanded premises, mortgaged the same to Jonathan Cogswell, the father of his wife, to secure the payment of his bond for $ 3000, in one year from date.    The principal not being paid, interest was paid from time to time till December 1816.    Cogswell died intestate in 1819, and Joseph

Farley, the mortgagor, was duly appointed administrator of his estate. It appears by the proceedings in the probate office, that Farley, as such administrator, inventoried his own bond as part of the personal property of his intestate ; that he settled a first account in the probate office, on the first Tuesday of August 1820, in which he charged himself with the whole amount of the personal property in the inventory, including his own debt ; that on the first Tuesday of February 1821, he settled a second account, charging himself with the balance of his first account ; that on the same day, a probate decree was passed, ordering the balance of the personal estate to be distributed to the widow and heirs at law of the intestate ; the said Elizabeth Cogswell, as such widow, being entitled to one third part in the distribution.

The said Joseph Farley, as such administrator, executed an assignment of the said bond and mortgage to said Elizabeth Cogswell, on the 5th of August 1821, which was not recorded until April 1837 ; and it is by force of this assignment, that the original demandant, as executor of the will of Mrs. Cogswell, claimed. Upon these facts, the tenants contended, that when the obligor became the administrator of the mortgagee, charged himself with that debt in his administration account, as so much money collected ; and when, with his knowledge and without objection on his part, a decree of distribution was passed by the court, ordering the distribution of the balance in his hands, as of a liquidated amount reduced to money, and ready for distribution ; it was in fact and in law a payment of the debt, and left nothing due on the mortgage. This is the question for the consideration of the court.

A mortgage is a security for the payment of money, for which the creditor has a personal obligation in common form, and also a pledge of real estate ; and he may pursue either of these remedies — both being securities for one and the same debt — until the debt is paid ; and although one may be lost or barred, it does not destroy his right to pursue the other. *Thayer* v. *Mann*, 19 Pick. 535. Both remedies may be pursued, each in its own appropriate mode, until satisfaction is obtained, but no further.

It is not now necessary to consider the old rule, that a testator, by making a debtor his executor, released his debt. That rule has been qualified, to a great extent, in England, and has never been in force here. It is now understood, that when an executor or administrator was indebted to his testator or intestate, at the time of his decease, although the right of action cannot exist, because a man cannot sue himself, yet the debt is not considered as extinguished in any way, but rather to be accounted for as paid. In other words, the debt becomes, *primâ facie*, assets in the hands of the administrator or executor, to be accounted for and adjusted in probate account, as assets actually realized. *Wankford* v. *Wankford*, 1 Salk. 299. *Cheetham* v. *Ward*, 1 Bos. & Pul. 630. *Freakley* v. *Fox*, 9 Barn. & Cres. 130. *Winship* v. *Bass*, 12 Mass. 199. *Stevens* v. *Gaylord*, 11 Mass. 267. It proceeds upon the ground, that when the same hand is to pay and receive money, that which the law requires to be done shall be deemed to be done, and therefore that such debt due from the administrator shall be assets *de facto*, to be accounted for, in probate account. Such presumption would arise from the mere taking of administration. But it is greatly strengthened when the administrator enters the debt in the inventory, as a debt due from himself to the estate, charges himself with it in account, and assents to a decree, by which it is ordered to be distributed as money. It is a clear indication and an authoritative declaration of his intent to regard it as assets, and treat it as a debt collected. It is in truth the only mode, in which payment could be made. Nothing, perhaps, short of the actual cancelling of the bond, could be a stronger or more authoritative and official declaration of the fact, that the debt due from himself is henceforth to be regarded as assets received, equivalent to the actual collection of a debt due from a third person to the estate. When thus actually treated as assets, and distributed as such, it is of course a legal satisfaction and extinguishment of the debt, and, in legal effect, payment.

Perhaps the mere fact, that one has accepted letters of administration, would not so far be regarded as payment or extinguish-

ment of his debt due to the intestate, as to bar an action to be subsequently brought by an administrator *de bonis non.* In the case of *Winship* v. *Bass,* 12 Mass. 200, it is intimated that a determination of the executor to resist payment of such debt, until compelled by a judgment of court, may, in some cases, be deemed a sufficient cause for removing such executor. This certainly implies, that upon his removal, and the appointment of an administrator *de bonis non,* an action for his debt, due to the estate, may be brought. But it also intimates the case in which such proceedings may take place. It is when the executor denies his debt, and resists payment ; that is, refuses to accoun for it as assets. But where he has in fact accounted for it as assets, and it stands so charged to him, and credited to the estate, without objection, it seems to us that it would be a conclusive bar to any action to be afterwards brought for the same debt, by an administrator *de bonis non. Stevens* v. *Gaylord,* 11 Mass. 256.

Perhaps, in such case, if the executor were to die or be removed, before any decree of distribution, or satisfaction of such decree, and it should turn out that though he had credited his debt as assets, yet that he had no means to pay and satisfy the amount due on his administration account, it might be held in equity, in favor of the sureties on his administration bond, that the mortgage, given to secure the same debt, should not be deemed to be discharged. But where the debt has been in fact credited, and a decree of distribution made and satisfied, and the sureties on the administration bond exonerated from all responsibility, and no such change of administration, the mortgage debt must be deemed satisfied and discharged, as against all persons claiming upon the mortgage, under such administrator.

It has been confidently urged in the argument, that the case of *Kinney* v. *Ensign,* 18 Pick. 232, is a strong, if not a decisive authority for the original demandant, to show, that if a mortgage debtor becomes the administrator of the mortgagee, it is not an extinguishment or payment of the debt, so as to discharge the mortgage. But we think that case is quite distinguishable in principle from the present. It was in equity, on a

bill by the administrator of the mortgagee, to redeem from one who had purchased the mortgagor's title to the estate, at a sheriff's sale, subject in terms to that very mortgage. That case was decided distinctly on the ground, that although it might be the right of the creditors and heirs of the mortgagee to require the administrator to account for his own debt, secured by mortgage, as assets, and to credit it in his administration account, yet they were not bound to do it ; it was a right they might waive, and that, in point of fact, it had not been so accounted for. To have had the mortgage discharged in that case, would be contrary to equity, because the effect would be, to charge the sureties of the administrator, and to exonerate the estate of the defendant from an incumbrance for the security of this very debt ; subject to which incumbrance, he had purchased it, at an official sale. That case, we think, does not stand in the way of the present decision.

We do not question the authority of an administrator, duly qualified, to assign and transfer a bond and mortgage ; and we cannot perceive that it would make any difference, that it happened to be his own debt. And in the present case, if Farley, instead of crediting the estate of his intestate with this amount, as his own debt, had in terms credited the estate with the pro ceeds of the assigned bond and mortgage, it would have presented a very different question. It would not only have manifested his intent not to account for the debt, pursuant to his personal obligation, as assets realized, but a public declaration of his intent to consider the debt and mortgage as still subsist ing. But so far from intimating the fact, that he had assigned the bond and mortgage, the bond alone is referred to, in the inventory, as a personal debt due from himself to his intestate, without an intimation that it was secured by mortgage. If it be said that this intention to treat the mortgage as still subsisting was manifested by the fact of his making an assignment of it to Mrs. Cogswell, the answer is, that though this might be evidence of his intent, it was a private act, not manifested even by a registration of the assignment, until nearly 20 years after, and contrary to his official and declared intent, as manifested by his

accounts filed in the probate office, to which all persons may have access. Had any one, inquiring into the title to this estate, found the mortgage of 1801 on record, he would naturally look for the settlement of the mortgagee's estate in the probate office, and would there find that the debt had been accounted for by the mortgagor, as personal property, and the estate accordingly settled, by the common and apparent proof of the payment of the mortgage

It was argued, that as the original mortgagor and administrator had still a disposing power over the estate, in 1820, the assignment then made might be deemed a new and original mortgage, binding upon the estate. Whatever other answer might be made to this argument, we think it is a decisive one, that this assignment was not recorded until 1837, long after the rights of other parties had intervened, and that to give to it the force and effect of an original mortgage would be contrary to the laws requiring registration of deeds and mortgages.

The verdict is therefore to be amended, so as to be in favor of the tenants in the original action, upon the mortgage assigned to Mrs. Cogswell.

The question arising on the other mortgage, under which the original demandant and her executor claimed a conditional judgment, having been decided against the executor, in another action, no further notice of those questions is required.